UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEONDRE LANGSTON,

    Plaintiff,

    v.   CAUSE NO. 3:21-CV-147-JD-MGG

ALKALA, et al.,

    Defendants.

OPINION AND ORDER

Deondre Langston, a prisoner without a lawyer, filed a complaint (ECF 1) against Correctional Officer Alkala and Sgt. M. Gannon alleging that they were deliberately indifferent to his medical needs following a seizure on December 4, 2020. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

According to the complaint, Langston had a seizure at 8:05 p.m. on December 4, 2020. He could not alert guards to his seizure because he did not have an intercom in his cell. Another inmate tried to alert guards to Langston's condition, but he was unsuccessful. Langston asserts that the guards should have been walking the range

every 30 to 40 minutes to check on inmates, but Correctional Officer Alkala did not walk the range as required. Officer Alkala and Sgt. Gannon walked the range around 10:08 and Langston told them about his seizure. Officer Alkala indicated that he "didn't give a fuck." ECF 1 at 2. After learning of Langston's seizure, neither Officer Alkala nor Sgt. Gannon sought medical attention for Langston.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, giving Langston the benefit of the inferences to which he is entitled at this stage of the proceedings, he has alleged facts from which it can be inferred that Officer Alkala and Sgt. Gannon were each deliberately indifferent to his need for medical care when they learned of his seizure at 10:08 but took no steps to obtain medical care on his behalf. Therefore, he will be granted leave to proceed against them on this claim.

However, Langston also alleges that he was unable to report his seizure sooner because Officer Alkala violated the IDOC's policies. Policy violations do not amount to constitutional violations. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Therefore, he may not proceed on this claim.

Langston also alleges that Officer Alkala "left [him] in toilet water until 3:40 a.m." and Sgt. Gannon left him "sitting in and/or standing in toilet water until 3:40 a.m." ECF 1 at 2-3. These allegations are too vague – it is not clear from the complaint what happened. To the extent he is alleging that he urinated on himself when he had a seizure and Officer Alkala and Sgt. Gannon did not allow him to clean up for over five hours, his allegations do not state a claim. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads

3

to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference."). Although Officer Alkala and Sgt. Gannon allegedly knew about the seizure around 10:08 p.m., nothing in the complaint indicates that they knew of these additional circumstances.

For these reasons, the court:

(1) GRANTS Deondre Langston leave to proceed against Correctional Officer Alkala and Sgt. Gannon in their individual capacities for monetary damages for deliberate indifference to his need for medical attention following a seizure on December 4, 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

4

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Correctional Officer Alkala and Sgt. Gannon at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant that does not waive service, if they have such information; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Correctional Officer Alkala and Sgt. Gannon respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 30, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT