UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEONDRE LANGSTON,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-147-JD-MGG

ALKALA, et al.,

    Defendants.

OPINION AND ORDER

Deondre Langston, a prisoner without a lawyer, is proceeding against Correctional Officer Alkala and Sgt. Gannon in their individual capacities for monetary damages for deliberate indifference to his need for medical attention following a seizure on December 4, 2020, in violation of the Eighth Amendment. ECF 7. The defendants asserted an affirmative defense based on failure to exhaust administrative remedies, and the court set a deadline for the defendants to file one joint summary judgment motion addressing their affirmative defense. ECF 13; ECF 14. No deadline was established for Langston to file a motion for summary judgment on the issue of exhaustion of administrative remedies, because it is not necessary for him to file a summary judgment motion on this issue. He will have an opportunity to address the defendants' contentions by responding to their motion for summary judgment. Langstone nonetheless filed a one-page motion for summary judgment on the issue of exhaustion of administrative remedies. In his motion, Langston alleges that he "was taking all the necessary steps in the grievance process" from the time of the incident

until January 21, 2021, when he was restricted from filing grievances for thirty days for abusing the grievance system. ECF 15.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

Here, Langston provides documentation showing he was restricted from filing grievances for thirty days beginning January 31, 2021, but he does not explain what steps he took to exhaust his administrative remedies from December 4, 2020, until the grievance restriction took effect on January 21, 2021. He alleges only that he "was taking all the necessary steps in the grievance process." ECF 15. This conclusory statement is

insufficient to permit a reasonable fact finder to conclude that Langston exhausted all the administrative remedies that were available to him.

    For these reasons, Deondre Langston's motion for summary judgment (ECF 15) is DENIED.

    SO ORDERED on August 17, 2021

                                          /s/JON E. DEGUILIO
                                          CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT