UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEONDRE LANGSTON,

    Plaintiff,

    v.                                CAUSE NO. 3:21-CV-147-JD-MGG

ALKALA and M. GANNON,

    Defendants.

OPINION AND ORDER

Deondre Langston, a prisoner without a lawyer, is proceeding in this case "against Correctional Officer Alkala and Sgt. Gannon in their individual capacities for monetary damages for deliberate indifference to his need for medical attention following a seizure on December 4, 2020, in violation of the Eighth Amendment[.]" ECF 7 at 4. In July 2021, Langston filed a motion for summary judgment on the issue of exhaustion (ECF 15), which this court denied (ECF 21). On August 16, 2021, Officer Alkala and Sgt. Gannon filed a motion for summary judgment, arguing Langston did not exhaust his administrative remedies before filing suit. ECF 17. With the motion, the defendants provided Langston the notice required by N.D. Ind. L.R. 56-1(f). ECF 19. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a

response brief; and (B) any materials that the party contends raise a genuine dispute." This deadline passed almost three months ago, but Langston has not responded. Therefore the court will now rule on the defendants' motion for summary judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the

burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants present evidence showing the following:[1] Langston submitted Grievance 121326 on December 6, 2020, complaining of the conduct alleged in his complaint. ECF 17-4 at 4. On January 21, 2021, the grievance office denied Grievance 121326. *Id.* at 3. Langston submitted a Level I appeal to the warden, which was denied on February 15, 2021. *Id.* at 1. Langston never submitted a Level II appeal to the Department Grievance Manager, which is a necessary step to complete the offender grievance process. ECF 17-1 at 2-3, 6; ECF 17-2 at 3; ECF 17-3 at 2-3. The Indiana Department of Correction's institutional records contain no evidence Langston complied with the grievance policy in relation to his claim in this lawsuit. ECF 17-1 at 6.

Here, because it is undisputed Langston did not submit a Level II appeal regarding Grievance 121326, the undisputed facts show Langston did not exhaust Grievance 121326 before he filed this lawsuit. *See* ECF 17-2 at 3 (the Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a written appeal to the warden; and (3) a written appeal to the

---

[1] Because Langston has not responded to the defendants' summary judgment motion, the court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

Department Grievance Manager); *Pozo*, 286 F.3d at 1023 ("unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred"). Langston previously provided evidence he was classified as a "grievance abuser" and restricted from filing "additional grievances" from January 21, 2021, until February 21, 2021 (ECF 15-1), but he does not allege or provide evidence he was restricted from submitting a Level II appeal for Grievance 121326. Thus, because it is undisputed Langston did not exhaust Grievance 121326 and Langston provides no evidence he was prevented from appealing Grievance 121326 or that he submitted any other grievance relevant to his claim in this lawsuit, the undisputed facts show Langston did not exhaust his administrative remedied prior to filing this lawsuit. Summary judgment is thus warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the summary judgment motion (ECF 17);

(2) DISMISSES this case WITHOUT PREJUDICE; and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Deondre Langston.

SO ORDERED on December 10, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

4